UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:04CV-223-EHJ

ROBERT C. WILSON                                                                                       PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                                 DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court upon plaintiff Robert Wilson's objections to the proposed findings and recommendations of the United States Magistrate Judge. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the proposed findings and recommendations should be adopted, and the decision of the Commissioner should be affirmed.

Plaintiff's primary objection is that he disagrees with the ALJ's residual functional capacity findings. He believes that ALJ Gliva's decision is a harsh result, particularly in light of the fact that the timing of his worsening condition resulted in major back surgery shortly after his date last insured, including a right L4-L5 hemilaminotomy, median hemifacetectomy diskectomy, and excision of the L4-L5 disc (Plaintiff's Objections, page 3).[1]

The plaintiff contends that ALJ Gliva found medical improvement in his condition, without properly adhering to the re judicata effect of ALJ Kalt's previous RFC findings resulting in a limited range of sedentary work. As thoroughly addressed by the magistrate, ALJ Gliva's decision cited

---

[1] Plaintiff's disability insured status expired on March 31, 2001 (Tr. 112) and he underwent back surgery on November 23, 2001 for lumbar disc herniation with cauda equina syndrome (Tr. 168-172).

the proper Medical-Vocational Rule for sedentary work as the framework for his decision, and the jobs relied upon at the fifth step analysis are consistent with sedentary limitations (ALJ Decision, Finding No 13, Tr. 26). For the reasons set forth in the magistrate's report, we find that ALJ Gliva's comments suggesting the ability to perform some light work to be at most, harmless error.

This Court is sympathetic to the claimant's situation. However, though this Court may have analyzed the evidence differently to reach a contrary conclusion, it is bound to uphold the Commissioner as there is substantial evidence to support the ALJ's Decision, Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990).

A Judgment in conformity with this Memorandum Opinion has this day been entered.